UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA MARIA CLARK,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 25-cv-0332-AJB-AHG<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Doc. No. 7)** |

Before the Court is the County of San Diego and Deputies Paul Tomcavage, Celso Lopez, Theodore Breslow, and Does 1 through 5's ("Deputy Defendants") (collectively, "Defendants") motion to dismiss the Complaint under Federal Rules of Civil Procedure ("Rule") 12(b)(6). (Doc. No. 7.) The motion is fully briefed and suitable for determination on the papers and without oral argument. Civ. L. Rule 7.1.d.1. Accordingly, the Court **VACATES** the previously scheduled July 24, 2025 motion hearing. For the reasons set forth below, the Court **DENIES** Defendants' motion to dismiss.

I.  BACKGROUND

Roberta Maria Clark ("Plaintiff") was in a contested divorce proceeding in 2023. (Doc. No. 1, Compl. at ¶ 27.) Unbeknownst to Plaintiff, her estranged husband sought and received a temporary restraining order against her on December 26, 2023. (*Id.* at ¶ 29.)

1   That evening, he sought assistance from Deputy Defendants to serve Plaintiff with the
2   order and remove her from the residence. (*Id.* at ¶ 32.)

3   Upon their arrival, Deputy Defendants explained to Plaintiff that a temporary
4   restraining order required her to leave the residence. (*Id.*) They said that they did not have
5   a copy of the order but would provide one to Plaintiff later that evening. (*Id.* at ¶ 35.)

6   Plaintiff indicated she would leave the premises but needed assistance gathering her
7   belongings due to a neck injury. (*Id.* at ¶¶ 38–39.) Plaintiff understood from Deputy
8   Defendants that she could gather her items and then leave. (*Id.* at ¶ 40.) So, Plaintiff went
9   to the main bedroom to begin that process. (*Id.* at ¶ 41.)

10  According to Plaintiff, Deputy Defendants began banging on her bedroom door as
11  she was gathering her belongings, frightening Plaintiff and causing her to start urinating on
12  herself. (*Id.* at ¶ 42.) Plaintiff headed to the bathroom inside the bedroom to relieve herself
13  and clean up. (*Id.* at ¶ 43.) Deputy Defendants then broke into the bedroom and the
14  bathroom where Plaintiff was urinating. (*Id.* at ¶¶ 44–45.) They zip-tied Plaintiff's hands
15  behind her back while she was face down on the bathroom floor. (*Id.* at ¶ 46.) Plaintiff
16  alleges that the arresting Deputy Defendants applied excessive pressure to her back (either
17  with their feet or knees or both), causing her internal injuries. (*Id.* at ¶ 47.) Deputy
18  Defendants also kicked Plaintiff on her side after they rose to their feet. (*Id.* at ¶ 48.)
19  Plaintiff asserts that Deputy Defendants' excessive force rendered her unable to use her
20  left leg. (*Id.* at ¶ 49.)

21  When an ambulance responded to Plaintiff's home, her hands were still zip-tied
22  behind her back. (*Id.* at ¶¶ 50–51.) Paramedics carried Plaintiff into the ambulance and
23  transported her to the hospital for her injuries. (*Id.* at ¶¶ 52–54.) Plaintiff endured months
24  of physical therapy to regain the use of her left leg and reduce pain. (*Id.* at ¶ 58.)

25  At the time of the incident, Plaintiff had an existing neck injury that was exacerbated
26  by Deputy Defendants' excessive force. (*Id.* at ¶ 59.) As a result of the encounter, Plaintiff
27  experienced serious physical pain and suffering, fear, mental anguish, humiliation,
28  indignity, and degradation. (*Id.* at ¶ 62.)

---

On February 14, 2025, Plaintiff filed a Complaint raising five causes of action: (1) excessive force in violation of 42 U.S.C. § 1983; (2) violation of the Bane Act, Cal. Civ. Code § 52.1; (3) assault; (4) battery; and (5) negligence. (*Id.* at ¶¶ 8–15.) Defendants thereafter filed the instant motion to dismiss. (Doc. No. 7.) This Order follows.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). To determine the sufficiency of the complaint, the court must assume the truth of all factual allegations and construe them in the light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). This tenet, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plausibility demands more than a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint is subject to dismissal. *Id.* at 679.

## III.  DISCUSSION

Deputy Defendants seek dismissal of the entirety of Plaintiff's Complaint. They argue that the Complaint violates Rule 8, fails to state a claim under 42 U.S.C. § 1983, fails to state her state law claims, and contains improper Doe pleading. (Doc. No. 7-1.) The Court addresses these arguments in turn.

### A. The Complaint Satisfies Rule 8.

Deputy Defendants argue that Plaintiff's Complaint violates Rule 8 because it fails to specify which officer engaged in which alleged conduct. (Doc. No. 7-1 at 5.) The Court disagrees.

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "All that is required

are sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *accord Briskin v. Shopify, Inc.*, 135 F.4th 739, 762 (9th Cir. 2025).

Here, Plaintiff's Complaint is concise and details the factual circumstances giving rise to her excessive force and related claims. She alleges that on December 26, 2023, Deputy Defendants banged on and broke through her bedroom door; caused Plaintiff to urinate on herself; broke into Plaintiff's bathroom while she was using it; zip-tied Plaintiff's hands behind her back while she was face-down on the floor; placed excessive weight on her back; kicked her; and inflicted neck and back injuries requiring two surgeries. (Compl. at ¶¶ 31–62.) Deputy Defendants argue that Plaintiff did not specify which officer did what but provide no authority that her inability to so under these circumstances (i.e., being harmed while placed face-down on the floor) warrants dismissal under Rule 8. To the contrary, Ninth Circuit "precedent does not prohibit collective pleading so long as the complaint gives defendants fair notice of the claims against them." *Briskin*, 135 F.4th at 762.

Deputy Defendants do not argue that the Complaint is confusing or hard to understand such that they have been deprived of fair notice or ability to defend themselves. Nor could they. The Complaint plainly sets forth the course of conduct during the incident from which this action arose and in which all officers were allegedly involved. Thus, the Court finds the Complaint contains sufficient information to put each defendant on fair notice of the claims against them and the facts giving rise thereto. Dismissal under Rule 8 is, therefore, inappropriate here. *See McKeever*, 932 F.2d at 798; *Briskin*, 135 F.4th at 762. Accordingly, the motion to dismiss on this basis is **DENIED**.

**B. The Complaint Adequately Pleads a 42 U.S.C. § 1983 Claim.**

Next, Deputy Defendants contend that Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 claim because she does not allege how each individual defendant violated her rights, and "no group liability exists under Section 1983." (Doc. No. 7-1 at 5.)

In pleading a Section 1983 claim, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Here, while Deputy Defendants are correct that liability under Section 1983 requires personal involvement, Plaintiff's Complaint contains facts from which it can be reasonably inferred that each officer was personally involved in violating her rights. As mentioned, Plaintiff alleged that Deputy Defendants broke into her bedroom and bathroom, zip-tied her while she was face-down with hands behind her back, applied excessive pressure to her back, and kicked her. (Compl. at ¶¶ 31–62.) Although Plaintiff did not specify each officer's conduct, she alleged that all of them participated in the encounter. (*Id.* at ¶¶ 21–22 (alleging "Defendant San Diego Sheriff Deputies each performed the relevant acts" alleged in the Complaint).)[1]

Moreover, the acts occurred in succession and in a confined space. And the Complaint reflects a sequence of events where each officer either applied force or failed to stop it despite witnessing the event. Such circumstances are consistent with coordinated action, making each participant plausibly liable under either the integral participation or failure to intercede theories of Section 1983 liability. *See Peck v. Montoya*, 51 F.4th 877, 891 (9th Cir. 2022) (Integral participation is established "if (1) the defendant knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those whose conduct constituted the violation, or (2) the defendant set in motion a series of acts by others which the defendant knew or reasonably should have known would cause others to inflict the constitutional injury."); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000), as amended (Oct. 31, 2000) ("[O]fficers can be held liable for failing to intercede only if they had an opportunity to intercede.").

---

[1] Deputy Defendants' contention that they cannot discern to whom the term "Defendant San Diego County Sheriff Deputies" applies is unavailing. (*See* Compl. at ¶ 21 (alleging that the named defendants and unnamed Does were "Sheriff Deputies with the San Diego Sheriff's Office").)

      Additionally, given the allegations, it makes sense why Plaintiff is unable to identify exactly which officers did what—she was physically restrained, face-down with her hands tied behind her back, and experiencing serious pain. Because Plaintiff cannot reasonably be expected to have identified what each officer did while her face was to the ground, Plaintiff's inability to plead more in this regard is not fatal here.

      For example, in *Lolli v. Cnty. of Orange*, the Ninth Circuit reversed a district court's grant of summary judgment, finding that the plaintiff's inability "to identify precisely which officer delivered which alleged blow or use of force" did not preclude a trial where there was evidence from which a jury could infer the officer's participation. 351 F.3d 410, 417 (9th Cir. 2003). If such circumstances withstand summary judgment, they necessarily withstand the less exacting standards of a motion to dismiss. Because Plaintiff here (as in *Lolli*) is unable to specify the officer's individual actions but has alleged sufficient facts from which their participation can be inferred, the Court does not find dismissal warranted here. *See id.*

      Thus, accepting the allegations as true and drawing all inferences in the light most favorable to Plaintiff, the Court finds Plaintiff has adequately pled each officer's personal involvement for purposes of individual liability under Section 1983. Accordingly, the motion to dismiss on this basis is **DENIED**.

### C. The Complaint Adequately Pleads the State Law Claims.

      Turning to Plaintiff's state law claims, Deputy Defendants challenge her Bane Act, assault, battery, and negligence claims on the same grounds the Court rejected above with respect to her Section 1983 claim—namely, that failure to identify each officer's individual acts warrants dismissal. (Doc. No. 7-1 at 6–7.) For the reasons stated *supra* § III.B, the Court does not find dismissal of Plaintiff's state law claims appropriate here. Accordingly, the motion to dismiss on this basis is **DENIED**.

### D. Dismissal of Doe Defendants Is Premature.

      Lastly, Deputy Defendants assert that Defendant Does 1 through 5 should be dismissed because "Plaintiffs fail to allege facts regarding how each individual DOE

defendant violated Plaintiff's rights, or even facts from which these DOES could be reasonably identified." (Doc. No. 7-1 at 8.) Again, the Court disagrees and finds dismissal of Does 1 through 5 would be inappropriate and premature at this stage.

"A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Keavney v. Cnty. of San Diego*, 2020 WL 4192286, at *4 (S.D. Cal. July 21, 2020). As explained above, *supra* § III.B, Plaintiff alleges that all the named and unnamed officers participated in the December 26 incident and their personal involvement giving rise to liability can be reasonably inferred from their involvement and/or failure to intercede.

Also relevant here, "where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities[.]" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (internal alterations omitted). Here, Plaintiff asserts that the identities of the unnamed officers, as well as who did exactly what, can be ascertained from bodycam footage and other discovery. (Doc. No. 9 at 6, 17.) Because caselaw supports permitting Plaintiff to name unidentified officers as "Does" and proceeding with discovery to uncover their identities and involvement, the Court declines to dismiss the Doe defendants at this time. *See Wakefield*, 177 F.3d at 1163; *Bennett v. Brnovich*, No. 22-16386, 2024 WL 2930976, at *1 (9th Cir. June 11, 2024) (finding that the district court erred in dismissing the doe defendants because the plaintiff alleged their wrongful conduct, and it was "certainly possible that [plaintiff] would uncover the identities of the arresting officers through discovery.")

Based on the foregoing, the Court finds Plaintiff's use of "Does 1 through 5" to name officers who were involved in harming her and who she expects to identify through discovery appropriate. Accordingly, the motion to dismiss Does 1 through 5 is **DENIED**.

### IV. CONCLUSION

Accordingly, for the reasons set forth herein, Defendants' motion to dismiss is **DENIED** in its entirety. (Doc. No. 7.) Plaintiff's Complaint satisfies Rule 8, and plausibly states claims for relief under federal and state law, including claims against currently unidentified Doe defendants. Plaintiff may proceed to discovery to obtain the identities of the unnamed officers and further develop the factual record.

Having denied the motion to dismiss, the Court **ORDERS** Defendants to file their Answer to the Complaint no later than July 18, 2025.

**IT IS SO ORDERED**.

Dated: July 3, 2025

Hon. Anthony J. Battaglia
United States District Judge